## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| ANGEL ARRIAGA, | § | |
| TDCJ No. 2059561, | § | |
|     Petitioner, | § | |
| | § | EP-17-CV-21-PRM |
| v. | § | |
| | § | |
| TERRY TUCKER, Warden, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Petitioner Angel Arriaga's "Petition for a Writ of Habeas Corpus by a Person in State Custody" (ECF No. 1) [hereinafter "Petition"], filed on January 19, 2017, in the above-captioned cause. Petitioner, a state prisoner at the Middleton Unit in Abilene, Texas, challenges Respondent Warden Terry Tucker's custody over him through a Petition pursuant to 28 U.S.C. § 2254. Petitioner asserts that his trial counsel provided constitutionally ineffective assistance. After reviewing the record, the Court concludes that it should dismiss Petitioner's Petition without prejudice because he has not exhausted his available state remedies. The Court additionally concludes that it should deny Petitioner a certificate of appealability.

-1-

## I.   BACKGROUND AND PROCEDURAL HISTORY

Petitioner is currently serving an aggregate, twenty-year sentence imposed by the 409th Judicial District Court of El Paso County, Texas, after he pleaded guilty to various offenses related to a vehicular death.[1]   Mindful of Petitioner's *pro se* status,[2] the Court understands him to assert in his petition that his counsel provided constitutionally ineffective assistance when he (1) did not require the State to present evidence, other than hearsay, of his level of intoxication; (2) failed to have the State present evidence that "it was the defendant's vehicle who [sic] cause[d] the victim's vehicle to overturn and have [a] passenger . . . ejected"; (3) did not seek a lesser offense, when he knew that the prosecutor was not ready to proceed; and (4) misled him into pleading guilty when he knew that the State did not have evidence, other than hearsay, of his intoxication.[3]   Petitioner's Petition indicates that he filed neither a

---

[1] *State v. Arriaga*, 20150D02015 (409th Dist. Ct., El Paso Cnty., Tex. Mar. 2, 2016).

[2] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[3] Pet'r's Pet. 6-7, Jan. 19, 2017, ECF No. 1.

direct appeal nor a state application for a writ of habeas corpus.[4]

## II.   LEGAL STANDARD

Section 2254 allows a district court to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[5]   As a prerequisite to obtaining § 2254 relief, however, a prisoner must exhaust all remedies available in the state system.[6]   This exhaustion requirement reflects a policy of federal-state comity "designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."[7]   It also prevents "unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution."[8]

A petitioner satisfies the exhaustion requirement when he presents the

---

[4] *Id.* at 3.

[5] 28 U.S.C. § 2254(a) (2012).

[6] *Id.* § 2254(b)(1), (c); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).

[7] *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quoting *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971)).

[8] *Ex Parte Royall,* 117 U.S. 241, 251 (1886).

substance of his habeas claims to the state's highest court in a procedurally proper manner before filing a petition in federal court.[9]   In Texas, the Court of Criminal Appeals is the highest court for criminal matters.[10]   Thus, a Texas prisoner may only satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals, in either a petition for discretionary review or a state habeas corpus proceeding pursuant to Texas Code of Criminal Procedure article 11.07.[11]

## III.   ANALYSIS

The rules governing § 2254 cases instruct federal district courts to screen petitions.[12]   "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must

---

[9] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004).

[10] *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).

[11] *See* Tex. Crim. Proc. Code Ann. art. 11.07 (West) ("This article establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death."); *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998).

[12] 28 U.S.C. foll. § 2254 Rule 4.

dismiss the petition and direct the clerk to notify the petitioner."[13]

In this case, Petitioner's Petition shows that he has not presented his claims in a procedurally proper manner to the state's highest court.[14]   Thus, he has not "exhausted the remedies available in the courts of the State."[15] Further, he still "has the right under the law of the State to raise . . . the question[s] presented."[16]   Thus, it is plain from the face of Petitioner's Petition that he has not satisfied the preconditions for review set forth in § 2254.   Dismissal of his Petition for lack of exhaustion is therefore warranted.

"[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete."[17]

---

[13] *Id.*

[14] Pet'r's Pet. 3, May 17, 2016, ECF No. 1-1; *see State v. Flores*, PD-0220-16 (Tex. Crim. App. notice of pet. for cert. filed Mar. 14, 2016); *see also Ex parte Flores*, WR-78,188-03 (Tex. Crim. App. May 18, 2016) ("This is to advise that your application for writ of habeas corpus has been dismissed.   Conviction not final; mandate not issued at time application filed in trial court.").

[15] 28 U.S.C. § 2254(b)(1)(A).

[16] *Id.* § 2254(c).

[17] *Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) (citing *Granberry v.*

However, "[d]ismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified."[18]  "This rule against no-notice *sua sponte* dismissal is subject to two exceptions:   if the dismissal is without prejudice, or if the plaintiff has alleged his best case."[19]

Petitioner notes the trial court entered its judgment on March 2, 2016,[20] and, because he did not file a notice of appeal, his conviction became final thirty days later.[21]   Claims under § 2254 are generally subject to a one-year statute of limitations.[22]   The limitations period runs from the latest of four different events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the State action in violation of the Constitution and laws of the United States is removed, if the applicant was

---

*Greer*, 481 U.S. 129, 129-33 (1987).

[18]  *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

[19]  *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

[20]  Pet'r's Pet. 2.

[21]  Tex. R. App. P. 26.2(a).

[22]  28 U.S.C. § 2244(d)(1) (2012).

prevented from filing by such State action," (3) when "the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[23]   The limitations period is tolled by statute, however, when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[24]

Accordingly, the Court concludes that it should use the first exception to the rule against no-notice *sua sponte* dismissals and dismiss Petitioner's Petition without prejudice, with a view toward Petitioner exhausting his state remedies through a state application for a writ of habeas corpus, and then return to this Court, if he so desires.

## IV.   CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[25]   To

---

[23] *Id.* §§ 2244(d)(1)(A)–(D).

[24] *Id.* § 2244(d)(2).

[25] 28 U.S.C. § 2253(c)(1) (2012).

warrant the granting of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[26]   The Court finds that jurists of reason would not debate whether the procedural ruling in this case is correct.   The Court, therefore, finds it should deny Arriaga a certificate of appealability.

## V.   CONCLUSION

For the reasons discussed above, the Court concludes that Petitioner is not entitled to federal habeas corpus relief at this time.   Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Petitioner Angel Arriaga's "Petition for a Writ of Habeas Corpus by a Person in State Custody" is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his state remedies.

**IT IS FURTHER ORDERED** that Petitioner Angel Arriaga is **DENIED** a certificate of appealability.

---

[26] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

-8-

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this

case.

**SIGNED** this **28th** day of **February, 2017**.

_____

**PHILIP R. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**